FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 16 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

-H-

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CHARLES SLAUGHTER, on his own behalf and others similarly situated, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION FILE NO. _____ |
| v. ) ) ) | 1:10-CV-0763 |
| RBS WORLDPAY, INC., a Georgia Corporation, ) ) ) | |
| Defendant. ) ) | |

### COMPLAINT

1.    Plaintiff, CHARLES SLAUGHTER (hereinafter referred to as "Plaintiff"), was an employee of Defendant, RBS WORLDPAY, INC., a Georgia Corporation, and brings this action on behalf of himself and other current employees and former employees of Defendant similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b).

2.    Plaintiff performed non-exempt sales duties at Defendant's call center in Fulton County, Georgia during the three (3) year statute of limitations period between approximately August 2008 and December 2009.

1

3.    Defendant, RBS WORLDPAY, INC., has at all times material hereto owned a business operating at multiple locations including in Fulton County, Georgia, within the jurisdiction of this Court. It is the intent of this collective action to apply to all similarly situated employees regardless of location.

4.    This action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of 29 U.S.C. §216(b).

5.    Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b).

6.    Based upon information and belief, the annual gross sales volume of RBS WORLDPAY, INC. was in excess of $500,000.00 per annum at all times material hereto.

7.    At all times material to this Complaint, RBS WORLDPAY, INC. has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

8.    At all times material to this Complaint, RBS WORLDPAY, INC. was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

2

9.    The additional persons who may become Plaintiffs in this action are Defendant's non-exempt sales associates, however so titled, who have worked in excess of Forty (40) hours during one or more work weeks on or after March 2007 and did not receive time and a half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

10.    Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during his employment with Defendant between approximately August 2008 and December 2009.

11.    Likewise, the other employees similarly situated to Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during their employment with Defendant betweenMarch 2007 and the present.

12.    However, Defendant did not pay time and one-half wages for all of the overtime hours worked by Plaintiff and the other employees similarly situated to him between March 2007 and the present.

13.    Based upon information and belief, Defendant failed to maintain records of the start times, stop times, actual hours worked each day, and total hours worked each week by Plaintiff and all other similarly situated employees.

14.    The complete records concerning the compensation actually paid to Plaintiff and all other similarly situated employees are in the possession and custody of Defendant.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**

15.    Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 14 above.

16.    Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of Forty (40) hours per work week for Defendant between approximately August 2008 and December 2009.

17.    All similarly situated employees of Defendant are similarly owed their overtime rate for each overtime hour they worked and were not properly paid between March 2007 and the present.

18.    Defendant knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to him at time and one-half of their regular rate of pay for all hours worked in excess of Forty (40) per week between March 2007 and the present.

4

19.    By reason of the said intentional, willful and unlawful acts of Defendant, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

20.    As a result of Defendant's willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to him) are entitled to liquidated damages.

21.    Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

22.    Plaintiff demands a jury trial.


WHEREFORE, Plaintiff, CHARLES SLAUGHTER, and those similarly situated to him who have or will opt into this action, demands judgment against Defendant, RBS WORLDPAY, INC., for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys fees and costs of suit, and for all proper relief including prejudgment interest.

Respectfully submitted this 16th day of March, 2010.

[SIGNATURE ON FOLLOWING PAGE]

5

WEINSTOCK & SCAVO, P.C.


Louis R. Cohan
Georgia State Bar No. 173357
Elizabeth A. Frey
Georgia State Bar No. 276899

*Attorneys for Plaintiff*
3405 Piedmont Road, NE
Suite 300
Atlanta, Georgia 30305
(404) 231-3999

6