UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARLES SLAUGHTER, on his own behalf and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>RBS WORLDPAY, INC., a Georgia Corporation,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION<br>)   FILE NO. 1:10-CV-763-WSD |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENTS AS STIPULATED FINAL JUDGEMENT**

Plaintiffs Charles Slaughter, Renita Oden, Joyce Burson, Kisha Shephard and Keith Smith ("Plaintiffs") and Defendant RBS Worldpay, Inc. ("Defendant") hereby request approval of the Parties' proposed Settlement Agreements[1], attached as Exhibits A, B, C, D and E.  Because Plaintiffs' action and claims arise under the Fair Labor Standard Act ("FLSA"), the Parties' settlements must be approved by this Court and the Parties request that the approval be entered as a stipulated final judgment (proposed order attached as Exhibit F).

---

[1] The Settlement Agreements are not executed at this time.  However, the parties anticipate they will be executed within the next week.  The parties will advise the Court when the Settlement Agreements are fully executed.

## I. <u>LEGAL PRINCIPLES</u>

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, § 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section § 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's

> overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiffs' FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiffs against their former (and in some cases current) employer, which was adversarial in nature. During the litigation and settlement of this action, Plaintiffs and Defendant were represented by experienced counsel.

The Parties agreed that the instant action involved disputed issues. The Parties further agreed that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. The consideration paid to each Plaintiff represents the full extent of their "off the clock" wages they claim for hours worked within the applicable statute of limitations. Plaintiffs and their counsel discussed the Plaintiffs' alleged overtime hours and pay rate and formulated their own proposed settlement figures. The Parties then engaged in settlement discussions, based upon their independent calculations. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties

were counseled and represented by their respective attorneys throughout the litigation and settlement process.

## II. CONCLUSION

The parties respectfully request that this Court approve their Settlement Agreements and dismiss the instant action as well as any and all other pending claims between them with prejudice.

RESPECTFULLY SUBMITTED, this 30th day of June 2010.

| | |
|---|---|
| **SHAVITZ LAW GROUP, P.A.** | **JACKSON LEWIS, LLP** |
| Counsel for Plaintiff | Counsel for Defendant |
| Gregg I. Shavitz, Esquire | Eric R. Magnus, Esquire |
| E-mail: gshavitz@shavitzlaw.com | E-mail: magnuse@jacksonlewis.com |
| Keith M. Stern, Esquire | Stephen Xavier Munger, Esquire |
| E-mail:  kstern@shavitzlaw.com | E-mail: Mungers@Jacksonlewis.com |
| 1515 South Federal Hwy, Suite 404 1000 | 1155 Peachtree Street, N.E., Suite |
| Boca Raton, FL 33432 | Atlanta, GA 30309-3600 |
| Tel: 561-447-8888 | Tel: 404-525-8200 |
| Fax: 561-447-8831 | Fax: 404-525-1173 |
| | |
| */s/ Gregg Shavitz (with permission)* | */s/ Eric R. Magnus* |
| GREGG I. SHAVITZ | ERIC R. MAGNUS |
| Fl. Bar No.: 11398 | GA Bar No. 801405 |
| KEITH M. STERN | STEPHEN X. MUNGER |
| Fl. Bar No.: 321000 | GA Bar No.: 529611 |

IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CHARLES SLAUGHTER, on his own and on behalf of others similarly situated** )<br>)<br>)<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**RBS WORLDPAY, INC., a Georgia Corporation** )<br>)<br>)<br>**Defendant.** ) | **Civil Action File No.**<br>**1:10-cv-763-WSD** |

## CERTIFICATE OF SERVICE

I certify that on June 30, 2010, I electronically filed the foregoing **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENTS AS STIPULATED FINAL JUDGEMENT** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record:

Louis R. Cohan
Elizabeth A. Frey
3405 Piedmont Road, NE
Suite 300
Atlanta, Georgia 30305

Gregg Shavitz
1515 S. Federal Highway
Suite 404
Boca Raton, Florida 33432

*s/ Eric R. Magnus*
Eric R. Magnus
Georgia Bar No.: 801405
ATTORNEY FOR DEFENDANT

5

JACKSON LEWIS LLP
1155 Peachtree Street, NE
Suite 1000
Atlanta, Georgia 30309
Tel:  (404) 525-8200
Email:  magnuse@jacksonlewis.com