# EXHIBIT A

# AGREEMENT AND GENERAL RELEASE

RBS Worldpay, Inc. ("RBS Worldpay") and Keith Smith, Employee's heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employee"), agree that:

1. **Last Day of Employment.** Employee's last day of employment with RBS Worldpay was December 7, 2009.

2. **Consideration.** In consideration for signing this Agreement and General Release, and complying with its terms:

   a. RBS Worldpay agrees to pay to Employee $2,300, less lawful deductions, within ten business days after the latter of RBS Worldpay's receipt of an original of this Agreement signed by Employee and RBS Worldpay's receipt of a letter from Employee in the form attached hereto as Exhibit "A." RBS Worldpay and Employee agree that $1,150 is paid as backpay and $1,150 as liquidated damages.

   b. RBS Worldpay agrees to pay Shavitz Law Group, P.A. $4,120 for attorney's fees and costs within ten business days after the latter of RBS Worldpay's receipt of an original of this Agreement signed by Employee and RBS Worldpay's receipt of a letter from Employee in the form attached hereto as Exhibit "A."

   c. Employee agrees to take all action necessary to have CIVIL ACTION FILE NO. 1:10-CV-763-WSD withdrawn and dismissed against RBS Worldpay with prejudice.

3. **No Consideration Absent Execution of this Agreement.** Employee understands and agrees that Employee would not receive the monies and/or benefits specified in paragraph "2" above, except for Employee's execution of this Agreement and General Release and the fulfillment of the promises contained herein.

4. **General Release of All Claims.** Employee knowingly and voluntarily releases and forever discharges RBS Worldpay, its parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which the Employee has or may have against Releasees as of the date of execution of this Agreement and General Release, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;

- Sections 1981 through 1988 of Title 42 of the United States Code;

- The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan);

- The Immigration Reform and Control Act;

- The Americans with Disabilities Act of 1990;

- The Age Discrimination in Employment Act of 1967 ("ADEA");

- The Worker Adjustment and Retraining Notification Act;

- The Fair Credit Reporting Act;

- The Family and Medical Leave Act;

- The Fair Labor Standards Act;

- The Equal Pay Act;

- the Georgia Equal Employment Code for Persons with Disabilities, O.C.G.A. § 34-6A-1, et seq.;

- the Georgia Minimum Wage Law, as amended, O.C.G.A. § 34-4-3;

- the Georgia Prohibition of Age Discrimination in Employment Act, O.C.G.A. § 34-1-20, et seq.;

- Equal Pay Law for Georgia, as amended;

- the City of Atlanta Anti-Discrimination Ordinance;

- any other federal, state or local law, rule, regulation, or ordinance;

- any public policy, contract, tort, or common law; or

- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

RBS Worldpay is unaware of any claims against Employee and does not presently intend on pursuing any such claims.

5.  **Acknowledgments and Affirmations.**

Employee affirms that Employee has not filed, caused to be filed, or presently is a party to any claim against RBS Worldpay except CIVIL ACTION FILE NO. 1:10-CV-763-WSD.

Employee also affirms that Employee has been paid and/or has received all compensation, wages, bonuses, commissions, and/or benefits to which Employee may be entitled. Employee affirms that Employee has been granted any leave to which Employee was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

Employee further affirms that Employee has no known workplace injuries or occupational diseases.

Employee, upon information and belief, also affirms that Employee has not divulged any information that RBS regards as confidential and proprietary, and as defined by common law, including, but not limited to customer lists, and that Employee will continue to maintain the confidentiality of such information.

Employee further affirms that Employee has not been retaliated against for reporting any allegations of wrongdoing by RBS Worldpay or its officers, including any allegations of corporate fraud. Both Parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Employee agrees that if such an administrative claim is made, Employee shall not be entitled to recover any individual monetary relief or other individual remedies.

Employee shall not apply in the future for employment with RBS Worldpay, any parent or subsidiary entity, any affiliate, any subsidiary, any division or subdivision, any operating division, any predecessor or successor, or any insurer because of, among other things, irreconcilable differences with RBS Worldpay.

6. **Confidentiality and Return of Property**. Employee agrees not to disclose any information regarding the underlying facts leading up to or the existence or substance of this Agreement and General Release, except to Employee's spouse, tax advisor, and/or an attorney with whom Employee chooses to consult regarding Employee's consideration of this Agreement and General Release.

Employee affirms that Employee has returned all of RBS Worldpay's property, documents, and/or any confidential information in Employee's possession or control. Employee also affirms that Employee is in possession of all of Employee's property that Employee had at RBS Worldpay's premises and that RBS Worldpay is not in possession of any of Employee's property.

7. **Governing Law and Interpretation.** This Agreement and General Release shall be governed and conformed in accordance with the laws of the state in which Employee worked at the time of Employee's last day of employment without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement and General Release, either party may institute an action specifically to enforce any term or terms of this Agreement and General Release and/or seek any damages for breach. Should any provision of this Agreement and General Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement and General Release in full force and effect.

8. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement and General Release nor the furnishing of the consideration for this Agreement and General Release shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9. **Amendment**. This Agreement and General Release may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement and General Release.

10. **Entire Agreement.** This Agreement and General Release sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Employee acknowledges that Employee has not relied on any representations, promises, or agreements of any kind made to Employee in connection with Employee's decision to accept this Agreement and General Release, except for those set forth in this Agreement and General Release.

EMPLOYEE IS ADVISED THAT EMPLOYEE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT AND GENERAL RELEASE. EMPLOYEE ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO EMPLOYEE'S SIGNING OF THIS AGREEMENT AND GENERAL RELEASE.

EMPLOYEE MAY REVOKE THIS AGREEMENT AND GENERAL RELEASE FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY EMPLOYEE SIGNS THIS AGREEMENT AND GENERAL RELEASE. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO KATHERINE MERRILL AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR AGREEMENT AND GENERAL RELEASE." THE REVOCATION MUST BE PERSONALLY DELIVERED TO KATHERINE MERRILL OR HER DESIGNEE, OR MAILED TO KATHERINE MERRILL AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER EMPLOYEE SIGNS THIS AGREEMENT AND GENERAL RELEASE.

EMPLOYEE AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT AND GENERAL RELEASE, DO NOT

**RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

**EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and General Release as of the date(s) set forth below:

RBS WORLDPAY

By:_____
    Keith Smith

By:_____
    Neil S Rosolinsky

Date:_____

Date:_____

June __, 2010

Neil S Rosolinsky
Head of Employment Law
RBS Americas
600 Washington Blvd,
Stamford, CT 06901
Office: +1 203 897 6139
Fax: +1 203 873 3169
Mobile +1 203 297 7241
Neil.Rosolinsky@rbs.com

Re:  Agreement and General Release

Dear Mr. Rosolinsky:

On June_____, 2010 I signed an Agreement and General Release between RBS Worldpay and me. I was advised in writing by RBS Worldpay to consult with an attorney of my choosing, prior to executing this Agreement and General Release.

More than seven (7) calendar days have elapsed since I executed the above-mentioned Agreement and General Release. I have not revoked my acceptance or execution of that Agreement and General Release and hereby reaffirm my acceptance of that Agreement and General Release up through the date of this letter.

Very truly yours,


Keith Smith